UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

AUG **1 3** 2014

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **4:14CR250 CDP/TIA** |
| | ) | |
| KYLE KIENSTRA, | ) | Count I |
| DAVID BRECKER, a/k/a "Baldy" | ) | Counts I, II and III |
| MICHAEL SARACINO, | ) | Count I |
| ANTHONY BOEHM, a/k/a "Tony" | ) | Count I |
| MILES AMANN, | ) | Count I |
| SCOTT HENSLER, a/k/a "Scooter" and | ) | Count I |
| "Lenny" | ) | |
| CHAD COLLINS, a/k/a "Arnold" | ) | Count I |
| DEREK LUTZ, | ) | Count I |
| JOHN MORGAN, | ) | Count I |
| GREG GIBBAR, | ) | Count I |
| BRENT GIBBAR, | ) | Count I |
| GIANPIERO BARRALE, and | ) | Count IV |
| SHELLY BAKER, | ) | Count III |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

### COUNT I

The Grand Jury further charges that:

Beginning around 2010 and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere,

**KYLE KIENSTRA,
DAVID BRECKER,
MICHAEL SARACINO,
ANTHONY BOEHM,
MILES AMANN,
SCOTT HENSLER,
CHAD COLLINS,
JOHN MORGAN,**

1

**DEREK LUTZ**
**GREG GIBBAR, and**
**BRENT GIBBAR,**

did knowingly and willfully conspire, combine, confederate and agree with each other and with THOMAS COX, DAVID DODGE, THOMAS ANDERSON, BRIAN LORD, JONATHAN VEHLEWALD, MITCHELL HUGHES, JOHN RICKMAN, DEREK LEVY, JARED HUMPHREYS, CHRISTOPHER PYSZKA, and with other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846; and

Quantity of Marijuana Involved in the Conspiracy

1. With respect to **KYLE KIENSTRA**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 1000 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(A).

2. With respect to **DAVID BRECKER**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

3. With respect to **MICHAEL SARACINO**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

4. With respect to **ANTHONY BOEHM**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

5. With respect to **MILES AMANN**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

6. With respect to **SCOTT HENSLER**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

7. With respect to **CHAD COLLINS**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(C).

8. With respect to **JOHN MORGAN**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(C).

9. With respect to **DEREK LUTZ**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms or more, punishable under Title 21,

United States Code, Section 841(b)(1)(B).

10. With respect to **GREG GIBBAR**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

11. With respect to **BRENT GIBBAR**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT II

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury but including March 15, 2013 and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere,

### DAVID BRECKER

the defendant herein, did knowingly and willfully conspire, combine, confederate and agree with CHRISTOPHER PYSZKA, GIANPIERO BARRALE and other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846; and

### Quantity of Marijuana Involved in the Conspiracy

1. With respect to **DAVID BRECKER**, the amount of marijuana involved in the

conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

## COUNT III

The Grand Jury charges that:

Beginning at an exact time unknown to the Grand Jury but including March 17, 2014 and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere,

**DAVID BRECKER, and
SHELLY BAKER**

the defendants herein, did knowingly combine, conspire, and agree with each other, and with KYLE KIENSTRA, MICHAEL SARACINO, and with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of marijuana, a Schedule I controlled substance, with the intent to promote the carrying on of the specified unlawful activity; and designed the transactions in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity; and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

All in violation of in violation of Title 18, United States Code, Section 1956(h).

## COUNT IV

The Grand Jury further charges that:

On or about December 2, 2013, in the Eastern District of Missouri and elsewhere, the defendant,

**GIANPIERO BARRALE**

having been previously convicted of a felony crime punishable by a term of imprisonment exceeding one year under the laws of the State of Illinois, to wit Aggravated Robbery, did knowingly possess a firearm, that is an AK/SKS 7.62 x 39 mm rifle bearing serial #1964BC3494, which previously traveled in interstate or foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code Section 853(a), upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as set forth in Counts I and II, the defendants listed in each of Counts I and II shall forfeit to the United States of America any property, real and personal, constituting or derived from any proceeds obtained directly or indirectly as a result of said offenses, and any property used, or intended to be used, in any manner or part to commit or facilitate the commission of said offenses.

2. Subject to forfeiture is a sum of money equal the total value of any property, real or personal involved in transactions or attempted transactions in furtherance of the offense charged in Count I.

3.  Subject to forfeiture is a sum of money equal to the total value of any property, real or personal involved in transactions or attempted transactions in furtherance of the offense charged in Count II.

4.  Specific property subject to forfeiture in Counts I and II includes, but is not limited to, the following:

   a. approximately $2,000, seized on December 3, 2013;

   b. the following firearms and ammunition seized on December 3, 2013:

   1. Beretta .40 Caliber Semi Auto Pistol, Model Px4 Storm, Serial Number: PY71315
   2. Mossberg 12 Gauge Pump Shotgun, Model 500, Serial Number: U140350
   3. AK/SKS 7.62X39mm Caliber Rifle & strap & bag, Serial Number: 1964BC3494
   4. Eight Boxes of 7.62x39mm "Tul Ammo" containing (20) Twenty Cartridges per box
   5. One Box .40 Caliber "Federal Ammunition" containing (25) Twenty Five Rounds
   6. One Box 12 Gauge "Remington Magnum Buckshot" Ammunition containing (4) Four
   7. One Box "Winchester" .40 Caliber Ammunition containing 100 Rounds
   8. 4 Four Boxes 12 Gauge "Federal Ammunition" (3 Boxes containing 25 Rounds, 1 Box containing 17 Rounds)
   9. One .40 Caliber pistol magazine
   10. 6 Six Rounds of 12 Gauge Ammunition
   11. One AK-47 Magazine
   12. One AK-47 Magazine
   13. 12 Twelve Rounds of Ammunition

   b. 12722 Bluff Creek Road, Zenia, California 95595 further described as Parcel No. 2 as shown on Parcel Map for D.E. Bushnell, in Section 36, Township 3 South, Range 6 East, H.B. & M, filed for record in the office of the County Recorder Trinity County, California on August 3, 1982 in Book 14 of Maps and Surveys pages 182 through 184.  Together with the

        easement for ingress, egress, and public-private utilities as reserved in the deed to Doug McArter, et al, recorded July 7, 1983 in book 257 of Official Records page 23;

c. Multiquip 3 Phase DCA100SSJUC Generator, 100KVA & TRLR100XF Trailer with Fuel Cell & Hydraulic Brakes, Serial Number 30905;

d. approximately $31,651.00 seized on March 25, 2014;

e. the following firearms and ammunition seized on March 25, 2014:

1. Zastava Pap M92 PV .762 Caliber Pistol, Serial Number: M92PV002999
2. Steyr M40 .40 Caliber Pistol, Serial Number: 005021
3. 1 FNH USA, LLC FNX-40 .40 Caliber Pistol, Serial Number: FX2U011237
4. One Magazine for rifle
5. One .40 caliber Magazine from a FNH USA, LLC FNX-40 Pistol
6. One .40 caliber Magazine from a Steyr M40 Pistol
7. One AK47 Magazine
8. Two .40 caliber Magazines
9. One M16 Magazine
10. One .45 caliber Magazine
11. Two .40 caliber Magazines
12. One Springfield Armory XDM .45 Caliber Pistol, Serial Number: MG534120
13. One FNH USA, LLC FNX-40 .40 Caliber Pistol, Serial Number: FX2U012632
14. One Springfield Armory .45 Caliber Magazine
15. One .40 Caliber S & W Magazine

f. Massey-Ferguson Tractor, Model 1125, Ser No: 43806 seized on March 25, 2014;

g. Massey Ferguson MF1246 Front Loader, Ser No: 000923;

h. approximately $80,000, seized on September 24, 2013;

i. approximately $19,020, seized on September 25, 2013;

j. approximately $4,750, seized on September 25, 2013;

    k.    approximately $9,720, seized on March 25, 2014;

    l.    Sig Sauer P226 Serial Number: UU781451 seized on September 25, 2013;

    m.    Mossberg 12 Gauge Shotgun Serial Number: U065413 seized on September 25, 2013;

    n.    FN Herstal Scar 17S Rifle Serial Number: HC29343 seized on September 25, 2013;

    o.    2007 Cadillac Escalade, VIN: 1GYEC63847R405828 seized on September 25, 2013;

    p.    2007 Chevrolet Silverado VIN: 3GCEK13M07G522430 seized on September 25, 2013;

    q.    2006 Chrysler 300 VIN: 2C3KA63H96H455349 seized on April 1, 2014;

    r.    2007 Cadillac Escalade VIN: 1GYEC63827R279677 seized on September 1, 2014; and

    s.    approximately $433,010, seized on January 18, 2014; and

    t.    approximately $19,000, seized on September 23, 2013.

6.    If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

7.  Pursuant to Title 18, United States Code, Section 982, upon conviction of an offense in violation of Title 18, United States Code, Section 1956(h) as set forth in Count III of the Indictment, the defendant identified therein shall forfeit to the United States of America:

    a.  any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956; and

    b.  any property traceable to such property.

8.  Subject to forfeiture is a sum of money equal to the total value of any property, real or personal involved in transactions or attempted transactions in furtherance of the offense charged in Count III.

9.  If any of the property described above, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
Stephen Casey #58879MO
Assistant United States Attorney