

U.S. Department of Justice

United States Attorney
Eastern District of Missouri

*Organized Crime Drug Enforcement Task Force*

| | | |
|---|---|---|
| *Stephen Casey* | *Thomas Eagleton U.S. Courthouse* | OFFICE:  314-539-2200 |
| *Assistant United States Attorney* | *111 S. 10th Street, Rm. 20.333* | DIRECT:  314-539-6068 |
| | *St. Louis, MO  63102* | FAX: 314-539-2309 |

August 26, 2014

Re:  United States v. Kyle Kienstra, et al.
     4:14 CR 250 CDP TIA

Dear Counsel:

This letter sets forth the Government's position with respect to the following subjects: (A) Discovery; (B) Reciprocal Discovery, (C) Rule 12(b)(4) Notice, (D) Cooperation, and (E) Pleas.

**(A)  Discovery**

The Government agrees to provide you with all relevant material within the purview of Rule 16, Federal Rules of Criminal Procedure.  Enclosed are DVD's containing materials which more than cover the government's obligations under Rule 16.  The enclosed discovery includes statements and evidence that are also subject to Rule 12(b) disclosure.

In order to facilitate your understanding of the case, I will be willing to meet with you, your client, and one of the case agents to outline some of the evidence against your client.  The meeting is not designed to be utilized in lieu of your review of the discovery, but to provide you with direction to the most relevant portions of the discovery.  I will also outline the options available to your client at that time.  If you are interested in setting up a meeting, please call me.

The following discovery is included in the materials:

1)  PLI, Pen register, and GPS applications and orders;

2)  Search warrant and their accompanying affidavits and applications;

3)  DEA 6's;

4)  Other relevant investigative reports;

5)  Laboratory reports;

6)  Consensually recorded telephone conversations;

August 26, 2014
Page 2

      7)        Timeline of events; and

      8)        Photographs.

All Jenck's Act material and impeaching information will be disclosed no later than the Friday before trial.

Included in the discovery are materials <u>specific to each defendant</u>.  This packet is not comprehensive and is not designed to be utilized in lieu of your review of all the discovery materials.  Instead, it is a guide to help facilitate expedited resolutions for each defendant.

With respect to other evidence, the Government used consensual audio or video surveillance in the investigation underlying the charges set forth in the indictment.  The Government also used confidential informants in the course of their investigation of this matter.  The Government hereby notifies each defendant of its intention to use evidence of other crimes during its case-in-chief.

This is notice that the Government has provided records related to certain physical evidence seized during the investigation and intends to use that physical evidence at trial.

Finally, the Government agrees to furnish any and all favorable evidence to the defendant if and when its existence becomes known to the Government.  At the present time, to its knowledge, the Government does not have any favorable evidence.

**(B)  Reciprocal Discovery**

In order to avoid the filing of motions pursuant to Rules 12, 16, and 26 of the Federal Rules of Criminal Procedure, the Government has filed a separate document requesting reciprocal discovery from the defense.  In that document, the Government requests the following from each defense counsel:

1.       Copies of or the right to inspect any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in its case-in-chief at trial;

2.       Copies of any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence at trial or which were prepared by witnesses whom the defendant intends to call at trial when the results or reports relate to their testimony;

August 26, 2014
Page 3


3.      A written summary of testimony the defendant intends to use under Rules 702, 703 and 705 as evidence at trial, including the opinions of such witnesses, the bases therefor, and witness qualifications; and

4.      All statements of any defense witness that relate to the subject matter to which the witness will testify.

5.      Notice of intention to offer a defense of alibi including the specific place or places at which the defendant claims to have been at the time of the offenses alleged in the indictment and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.

I would appreciate a written response prior to any suppression hearing to determine whether I will have to file formal requests for a Court order to enforce such discovery compliance.

**(C)  Rule 12(b)(4) Notice**

The government will file a separate document entitled: "Government's Disclosure of Arguably Suppressible Evidence Pursuant to Federal Rule of Criminal Procedure 12(b)(4)." The document will set forth events in the instant matter which could be arguably subject to a motion to suppress.

The disclosure does not include matters such as surveillance undertaken in the public realm, materials attained through administrative subpoena or similar matters which did not result in a seizure or arrest.  If you believe one of these events is subject to challenge, please notify me in advance of the hearing so that I can arrange for any necessary witnesses.

**(D)  Cooperation**

Certain defendants have agreed to cooperate.  **Any other defendant who is interested in cooperating should contact me sooner rather than later.**  Pursuant to Section 5K1.1, timeliness is a factor in assessing whether a downward departure based upon substantial assistance should be filed.  In order to avoid problems, notice is given that individuals who merely restate information already provided by other individuals or already discovered during the course of the investigation will not be deemed to have provided substantial assistance.

**(E)  Plea Offers**

The substantive motion hearings in this case will be long and complex.  The hearings will involve a large number of events, and will require the testimony of a substantial number of witnesses.  The motion hearings will require the court to allocate significant resources to adjudicate.  The preparation for the motion hearing and presentation of evidence will be part of

August 26, 2014
Page 4

the Government's trial preparation in this matter.  Accordingly, **it will be the Government's position that any defendant who participates in motion hearings and later elects to enter a plea, will not be eligible for an additional point reduction in the offense level pursuant to U.S.S.G. Section 3E1.1**.

Please call if you have any questions or need any additional information.


Very truly yours,

RICHARD G. CALLAHAN
United States Attorney

/s/ *Stephen Casey*
Stephen Casey
Assistant United States Attorney